Accordingly, we find that the PCRA court erred in concluding that Appellant's claim was not cognizable under the PCRA and dismissing his PCRA petition without considering his claim on the merits. Thus, we reverse the order of the Superior Court and remand the matter to the PCRA court to consider, consistent with this opinion, Appellant's claim that he is entitled to file a PAA to this Court *nunc pro tunc*.[11] Jurisdiction relinquished.

825 A.2d 1236

**Harold HERRSCHAFT, Appellant**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Appellee.**

Supreme Court of Pennsylvania.

June 11, 2003.

appeal on the claims he would have brought in the PAA absent his counsel's ineffectiveness, it is difficult to imagine how a petitioner would meet that burden. A petitioner simply cannot be expected to speculate on the internal operations and decisions of this Court.

11. When evaluating Appellant's claim that he is entitled to *nunc pro tunc* relief based on his appellate counsel's alleged ineffectiveness for failing to file a PAA after promising to do so, the lower court must, of course, be mindful that this Court has held that the burden imposed upon a PCRA petitioner to establish that his counsel's ineffectiveness "so undermined the truth-determining process so that no reliable adjudication of guilt or innocence could have taken place" is equivalent to the prejudice requirement applied on ineffectiveness claims raised on direct appeal. *See Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999); *see also Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001) (in order to prove counsel's ineffectiveness, an appellant must show that the underlying claim is of arguable merit, that counsel's performance lacked a reasonable basis and that counsel's ineffectiveness prejudiced him).

## *ORDER*

PER CURIAM:

**AND NOW,** this 11th day of June, 2003, probable jurisdiction is noted and the order appealed is affirmed.

---

825 A.2d 1236

**Rosalyn GUNTER, Appellant**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Appellee.**

Supreme Court of Pennsylvania.

Argued April 9, 2002.

Decided June 16, 2003.

